UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REVEREND LAWRENCE
L. BLANKENSHIP,

    Plaintiff,

v.                                    CASE NO. 6:25-cv-369-JSS-UAM

TIFFANY MOORE RUSSELL, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on a motion to stay discovery filed by Defendant Judge Andrew L. Cameron ("Judge Cameron"), Doc. 20, which is joined by Defendant Orange County Clerk of Courts Tiffany Moore Russell ("Clerk"), Doc. 24 (together "Motion to Stay").[1] The Motion to Stay requests a stay, until resolution of a currently pending motion to dismiss filed by Judge Cameron, Doc. 16 (also joined by Clerk, Doc. 23), of all discovery. *See* Doc. 20; Doc. 24.

Plaintiff has not responded to the Motion to Stay, and his deadline to do so has passed. *See* Local Rule 3.01(c). Accordingly, pursuant to Local Rule 3.01(c), the Motion to Stay is deemed unopposed. *See id.*; *see also Cannarozzo v. Nemours Found.*,

---

[1] The Clerk's joinder, Doc. 24, does not appear to comply with Local Rule 3.01(f) and/or Local Rule 3.01(g)(3). The Court will excuse any such technical noncompliance as to the joinder in this specific and limited instance. *See* Local Rule 1.01(b). Such is appropriate because (i) Judge Cameron's motion to stay and the Clerk's joinder, even considered together, do not exceed any applicable page limitations; (ii) Judge Cameron's motion to stay generally complied with Local Rule 3.01(g) (yet Plaintiff failed to file any response); and (iii) upon consideration, the Court deems a temporary stay of all discovery appropriate.

No. 3:23-cv-136-BJD-LLL, 2024 WL 5679242, at *1 (M.D. Fla. Nov. 5, 2024) (treating motion to stay discovery as unopposed and granting it where plaintiffs failed to timely respond); *Sanchez v. City of St. Cloud*, No. 6:22-cv-11-CEM-DCI, 2023 WL 2810727, at *1 (M.D. Fla. Apr. 6, 2023) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."). In addition, upon consideration, the Court finds good cause for the requested relief. *See Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009) (affirming stay of discovery pending resolution of motion to dismiss that raised claim of judicial immunity);[2] *Sheets v. Bell*, No. 2:23-cv-35-JLB-KCD, 2023 WL 11724680, at *1 (M.D. Fla. Mar. 17, 2023) (granting motion to stay discovery where defendant moved to dismiss raising judicial immunity, Eleventh Amendment immunity, and *Younger* abstention arguments, and collecting authority "that claims of immunity often call for protection from discovery on the grounds that subjecting officials to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford"); *Saito v. Collier Cnty. Mun. Corp.*, No. 2:22-cv-740-JLB-KCD, 2023 WL 2305965, at *2 (M.D. Fla. Mar. 1, 2023) (granting motion to stay pending resolution of motions to dismiss that raised immunity and abstention defenses, including judicial immunity); *see also Cannarozzo*,

---

[2] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

2024 WL 5679242, at *1 (outlining the broad and inherent authority of district courts to manage their dockets, including the power to stay discovery).

Given this disposition of the Motion to Stay, it is appropriate to deny without prejudice Plaintiff's motions to compel and for sanctions relating to Plaintiff's interrogatories, Doc. 25; requests for productions, Doc. 26; and requests for admissions, Doc. 27 (collectively "Motions to Compel"). Independently, the Motions to Compel are due to be denied without prejudice for failure to comply with Local Rule 3.01(g)[3] and failure to identify any specific discovery requests that were properly served but not properly responded to. Accordingly, it is **ORDERED:**

1. The Motion to Stay (Docs. 20, 24) is **granted** to the extent that absent further order of the Court, discovery is stayed until a ruling on the pending motion to dismiss (Doc. 16).

2. The Motions to Compel (Docs. 25, 26, 27) are **denied without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 9, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

---

[3] Such noncompliance is distinguishable from any noncompliance in the Clerk's joinder. *See supra* note 1. The Motions to Compel wholly fail to comply with Local Rule 3.01(g) and contain no certification as to any conferral or even attempted conferral.

Copies to:

*Pro Se* Plaintiff

Counsel of Record