UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE L. BLAKENSHIP,

    Plaintiff,

v.                                                                    Case No: 6:25-cv-369-JSS-NWH

TIFFANY MOORE RUSSELL and
ANDREW L. CAMERON,

    Defendants.
_____/

## ORDER

Defendant Judge Andrew L. Cameron moves to dismiss Plaintiff's complaint, and Defendant Tiffany Moore Russell joins the motion. (Dkts. 16, 23.) Plaintiff, Reverend Lawrence L. Blakenship, proceeding pro se,[1] opposes the motion. (Dkt. 18; *see* Dkt. 35.) Upon consideration, for the reasons outlined below, the court grants Defendants' motion.

## BACKGROUND

This case derives from a small claims breach of contract lawsuit in the County Court of the Ninth Judicial Circuit in Orange County, Florida. (Dkt. 1 at 3–4.) That case was ultimately dismissed when Plaintiff failed to appear at the pretrial conference. (*Id.* at 4.) Plaintiff sues Defendants in this action under 42 U.S.C § 1983 for allegedly

---

[1] The court recommends that all pro se litigants read the court's Guide for Proceeding Without a Lawyer, available as a PDF file from https://www.flmd.uscourts.gov/litigants-without-lawyers, and that they avail themselves of the other resources found through this website.

violating his Fifth, Seventh, Eleventh, and Fourteenth Amendment rights by dismissing his case. (*Id.* at 4–5.) He also discusses his rights of access to the courts, equal protection, and due process, and he invokes the Florida Constitution, as well as the United States Constitution. (*Id.*)

## APPLICABLE STANDARDS

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The party seeking to invoke the court's jurisdiction "has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085–86 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(1); *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)). If a court lacks jurisdiction, its "only remaining function is to announce that [it] lack[s] jurisdiction and dismiss the cause." *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022) (citing *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019)). "[A] dismissal for lack of subject[]matter jurisdiction is 'entered without prejudice.'" *Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) (quoting *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

Although courts "give liberal construction" to documents filed by pro se plaintiffs, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007), pro se plaintiffs are still "required . . . to conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). *See Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir.

2014) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981))). Further, the leniency with which courts treat pro se plaintiffs does not permit courts to "serve as de facto counsel" or "rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## ANALYSIS

Defendants move for dismissal on several grounds, contending that the court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, that they are shielded by both judicial and Eleventh Amendment immunity, and that Plaintiff has failed to state a claim for relief. (*See* Dkts. 16, 23.) Because the court concludes that it lacks subject matter jurisdiction, it considers only that argument.

*Rooker–Feldman* provides that—except for the United States Supreme Court—federal courts lack subject matter jurisdiction to review the final judgments of state courts. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). *Rooker–Feldman* applies to "cases [1] brought by state[ ]court losers [2] complaining of injuries caused by state[ ]court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Similarly, lower federal courts lack subject matter jurisdiction in cases where "the relief requested . . . requires determining that the state court's decision is wrong." *Indus. Commc'ns & Elecs., Inc. v. Monroe Cnty.*, 134 F. App'x

314, 317 (11th Cir. 2005) (quotation omitted). "If the federal court's decision . . . requires a determination that a prior state court judgment was wrong, then the action is properly characterized as an appeal and the federal court cannot hear the case." *Sarhan v. Rothenberg*, No. 07-22818-CIV-LENARD, 2008 WL 2474645, at *11 (S.D. Fla. June 17, 2008). The doctrine applies not only to claims actually presented or adjudicated in state court but also to claims that are "inextricably intertwined" with a state court judgment, specifically those that "succeed[] only to the extent that the state court wrongly decided the issues before it." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (quotations omitted).

Here, as the losing party in a state court proceeding, Plaintiff complains about Defendants dismissing his case in 2022 because he failed to appear at the pretrial conference. (Dkt. 1 at 4.) "It is therefore apparent that Plaintiff's claims are essentially a collateral attack on the final judgment ordered in state court . . . . A judgment in Plaintiff's favor in the instant case would imply that the state court wrongly decided the issues before it." *Blankenship v. Childers*, No. 3:12CV216/MW/EMT, 2013 WL 6536827, at *5 (N.D. Fla. Nov. 14, 2013), *report and recommendation adopted by* No. 3:12-CV-216-MW/EMT, 2013 WL 6536898, at *1 (N.D. Fla. Dec. 13, 2013). Plaintiff's allegations invite the court to review the state court judgment, and thus *Rooker-Feldman* applies and divests the court of jurisdiction.[2] *See Exxon Mobil Corp.*,

---

[2] This is true as to Russell as well because "[a]lthough Plaintiff sues the Clerk of Court, in effect he seeks to have this federal court sit in appellate review of Judge [Cameron's] order." *Childers*, 2013 WL 6536827, at *4.

- 4 -

544 U.S. at 284; *Siegel*, 234 F.3d at 1172; *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009) (stating that lower federal courts "do not have jurisdiction to act as appellate courts and [are] preclude[d] . . . from reviewing final state court decisions").

Plaintiff responds that "[t]his case is not about" Plaintiff "los[ing] his case in state court"; rather, it concerns "the violations of Plaintiff['s] . . . civil rights of access to court, fair hearing, due process[,] and equal protection under the law." (Dkt. 18 at 12.) However, these alleged violations are based on the state court ruling and accordingly should have been appealed through the state appellate system. *Bosdorf v. Beach*, 79 F. Supp. 2d 1337, 1339 (S.D. Fla. 1999). "A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988). "This court cannot determine such inextricably intertwined claims even if the federal claim was not raised in state court, as long as there was a reasonable opportunity to do so." *Blankenship v. Allen*, No. 3:11CV172/MCR/EMT, 2011 WL 2374664, at *1 (N.D. Fla. May 23, 2011), *report and recommendation adopted by* No. 3:11CV172/MCR/EMT, 2011 WL 2374501, at *1 (N.D. Fla. June 10, 2011).

Plaintiff cites *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327 (11th Cir. 2001). (Dkt. 18 at 13.)[3] In *Goodman*, one of three claims was not barred by *Rooker-Feldman*.

---

[3] Plaintiff also points to *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279 (11th Cir. 2018). (Dkt. 18 at 15.) However, that case does not apply here as it concerned "a claim that arose only after the relevant state court decision had been issued." *Target*, 881 F.3d at 1286.

- 5 -

259 F.3d at 1333–34.  That claim was not barred because it concerned an allegedly illegal search that was not "introduced in the state court proceedings" nor "relied upon by the court" in making its decision.  *Id.* at 1334.  Because the search could not have been raised, or was not raised, in the state proceeding, the federal claim could "succeed without in any way calling into doubt the state court decision."  *Id.*  This case is distinguishable.  Plaintiff is explicitly contesting events that occurred during the state court case.  Accordingly, it is more like the other claims in *Goodman*—those based on the state court admitting an allegedly false affidavit, the state court's ex parte proceeding, and a threat of arrest for not complying with the state court's order— which struck "at the heart of the state court's proceedings and judgment."  *Id.*  Those claims, like the claims here, "succeed[] only to the extent that the state court wrongly decided" the underlying issue.  *Siegel*, 234 F.3d at 1172.

Lastly, Plaintiff invokes *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021).  In *Behr*, the Eleventh Circuit held that the plaintiff's due process claim was not for the purpose of "review[ing] and reject[ing]" the state court's judgment but instead asked the court to "consider whether [the plaintiffs'] constitutional rights were violated during the proceedings," and therefore *Rooker-Feldman* was inapplicable.  8 F.4th at 1213.  The source of the injury in *Behr* was the use of allegedly "falsified and/or coerced information as a basis for the proceedings and decisions," not the decision itself, as is the case here.  *Id.*; *see Efron v. Candelario*, 110 F.4th 1229, 1235–36 (11th Cir. 2024) (instructing that whether *Rooker-Feldman* applies requires determining "whether the plaintiff seeks relief from an injury caused by the judgment itself or whether he seeks

damages for some independent source of injury" and explaining that "[i]f the source of the plaintiff's injury is the state[ ]court judgment itself, then *Rooker-Feldman* applies" (quotation omitted)). (*See* Dkt. 1 at 4.)

Although Plaintiff does not ask to overturn the state court's judgment, Plaintiff calls on the court to find that the state court's decision to dismiss the case was based on Defendants "overlook[ing] the law," "disregard[ing ]Plaintiff's reasons of law," and "interpretation of the application [of the] law as expressed in the opinion." (Dkt. 1 at 4.) *See Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012) (holding that *Rooker-Feldman* barred challenges in federal court to a state court's application of the law and allegations that the state court ignored material facts). Plaintiff therefore "does not seek relief from an injury by a third party or challenge the constitutionality of a state court rule, distinguishable from the state court's application of that rule." *Efron*, 110 F.4th at 1237. Instead, Plaintiff "seeks relief from injuries caused by the state[ ]court judgment because the claim at its heart challenges the state court decision itself." *Id.* (quotation omitted). In sum, Plaintiff's claims "boil[] down to a claim that the state court judgment itself caused him constitutional injury." *Alvarez*, 679 F.3d at 1263; *see Efron*, 110 F.4th at 1237. Thus, *Rooker-Feldman* applies and requires dismissal for lack of subject matter jurisdiction. *See Blankenship v. Miller*, No. 3:12CV48/MCR/EMT, 2012 WL 695125, at *1 (N.D. Fla. Feb. 21, 2012), *report and recommendation adopted by* No. 3:12CV48/MCR/EMT, 2012 WL 695113, at *1 (N.D. Fla. Mar. 5, 2012).

Accordingly:

1. Defendants' motion to dismiss (Dkt. 16; *see* Dkt. 23) is **GRANTED**.

2. Plaintiff's claims are **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**ORDERED** in Orlando, Florida, on October 8, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party